1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SQUARE ENIX CO., LTD.,

        Plaintiff,

    v.

HK TEN TREE LIMITED; and DOES 1-10,
inclusive,

        Defendants.

CASE NO.     2:25-cv-00456

**COMPLAINT FOR COPYRIGHT
INFRINGEMENT**

**JURY DEMAND**

    Plaintiff Square Enix Co., Ltd. ("Plaintiff" or "SQEX"), by and through its undersigned

counsel, hereby files this Complaint against Defendant HK Ten Tree Limited ("Defendant" or

"Ten Tree"), and alleges as follows:

<u>**NATURE OF THE ACTION**</u>

    1.     This is a civil action for copyright infringement under the United States

Copyright Act, 17 U.S.C. § 101 *et seq.*, brought by Square Enix Co., Ltd. against HK Ten Tree

Limited and Does 1 through 10, inclusive, for Defendant's unauthorized use, distribution, and

**FENNEMORE CRAIG, P.C.**
1425 Fourth Avenue, Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

exploitation of Plaintiff's copyrighted work, specifically assets and content derived from SQEX's "*Front Mission*" video game series.

2.     Pursuant to a License Agreement dated October 4, 2019, as amended on June 3, 2021 (the "License Agreement"), SQEX licensed the *Front Mission* intellectual property to Shanghai Zishun Information Technology Co., Ltd. ("Licensee" or "Zishun") for the development, localization, publication, distribution, and operation of a new mobile game using the *Front Mission* intellectual property.  Pursuant to the License Agreement, Zishun developed a game titled "*Front Mission -2089: Borderscape*" (the "Licensed Game"), which utilized the *Front Mission* intellectual property.  Pursuant to the License Agreement, all intellectual property rights in and to the Licensed Game, including copyrights, were owned by SQEX from their inception.

3.     On October 4, 2022, SQEX and Zishun terminated the License Agreement, and accordingly, the development of the Licensed Game was terminated as well.  All rights in and to the Licensed Game, including copyrights, remained with SQEX.

4.     Without authorization from SQEX, in October 2024, Defendant Ten Tree released a game titled "*METAL STORM*," which incorporates substantial elements of the Licensed Game, including game mechanics, visual designs, and other protected content (the "Infringing Game").  SQEX is informed and believes, and on that basis alleges, that the same persons or entities involved in developing the Licensed Game also were involved in developing the Infringing Game, and/or that the Infringing Game was developed using materials created pursuant to the License Agreement.

5.     Accordingly, Plaintiff brings this action to protect its intellectual property rights in both *Front Mission* and the Licensed Game, seeking the removal of the infringing content from *METAL STORM* across relevant platforms in order to prevent further unauthorized exploitation of SQEX's intellectual property.

COMPLAINT- 2
Case No. 2:25-cv-00456

FENNEMORE CRAIG, P.C.
1425 Fourth Avenue, Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

1

## **PARTIES**

2

6.      Square Enix Co., Ltd. is a corporation organized and existing under the laws of

3

Japan, with its principal place of business located at Shinjuku Eastside Square, 6-27-30,

4

Shinjuku, Shinjuku-ku, Tokyo 160-8430, Japan.  SQEX is one of the world's leading video

5

game publishers and is the owner of numerous iconic and highly popular video game

6

franchises, which collectively have sold hundreds of millions of copies.  SQEX's products are

7

sold worldwide, including in the United States, where it has a significant presence and

8

audience.

9

7.      Plaintiff is informed and believes, and on that basis alleges, that HK Ten Tree

10

Limited is a corporation organized and existing under the laws of Hong Kong, with its principal

11

place of business located at Room 3510, 35/F., Tower Two, Lippo Centre, 89 Queensway,

12

Admiralty, Hong Kong.  Defendant has engaged in the business of distributing and selling the

13

game *METAL STORM*, including to customers within the United States.

14

8.      The true names and capacities, whether individual, corporate, associate, or

15

otherwise, of the Defendants sued herein as Does 1-10, inclusive, are unknown to Plaintiff,

16

which has therefore sued said Defendants by such fictitious names.  These Defendants may

17

include individuals whose real identities are not yet known to Plaintiff, but who are acting in

18

concert with one another to commit the unlawful acts alleged herein.  Plaintiff will amend this

19

complaint to state Defendants' true names and capacities once they are ascertained.  Plaintiff is

20

informed and believes, and on that basis alleges, that all Defendants sued herein are liable to

21

Plaintiff for their participation in all or some of the acts set forth in this complaint.

22

## **JURISDICTION AND VENUE**

23

9.      This is a civil action seeking relief under the Copyright Act, 17 U.S.C. § 101 *et*

24

*seq.*

25

10.      This Court has subject matter jurisdiction over SQEX's claims for copyright

26

infringement pursuant to 28 U.S.C. § 1331 and 1338(a).

27

FENNEMORE CRAIG, P.C.
1425 Fourth Avenue, Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

11.    This Court has personal jurisdiction over Defendant Ten Tree because it consented to the jurisdiction of the U.S. District Court for the Western District of Washington by filing a counter-notification pursuant to the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 512(g), with Valve Corporation ("Valve") on February 22, 2025.  Under 17 U.S.C. § 512(g)(3)(D), the counter-notification requires the alleged infringer to consent to the jurisdiction of the federal court in the district where the service provider is located.

12.    Additionally, this Court has personal jurisdiction over Defendant Ten Tree because it has purposefully directed its activities at the United States and availed itself of the benefits of doing business here.  Specifically, Defendant Ten Tree intentionally chose to distribute and sell the Infringing Game (*METAL STORM*) in the United States, including through Valve's Steam distribution platform, where the game was listed prior to being removed pursuant to SQEX's DMCA takedown request, and through the App Store and Google Play.

13.    Venue is proper in this district pursuant to 28 U.S.C. § 1400(a) because Defendant Ten Tree is engaged in substantial business activities in this district, including distributing the Infringing Game through platforms such as Steam, the App Store, and Google Play, and the infringing activity occurred in this district.  Furthermore, Defendant Ten Tree has consented to the jurisdiction of this Court by submitting a counter-notification to Valve on February 22, 2025.

## FACTS

### A.    SQEX and the *Front Mission* Series

14.    SQEX is one of the largest and most renowned video game publishers in the world.  Its franchises, including *Final Fantasy*, *Dragon Quest*, and *Kingdom Hearts*, have sold millions of copies worldwide and have expanded into media beyond video games, including movies and anime, as well as toys, apparel, and other merchandise.  SQEX's games have extremely loyal, dedicated fans who eagerly anticipate new installments in their favorite series.

FENNEMORE CRAIG, P.C.
1425 Fourth Avenue, Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

15.    One of SQEX's popular game franchises is *Front Mission*, a series of games involving giant mecha (*i.e.*, robots).  The series began in 1995 with the release of an eponymous game in Japan, and following the initial game's success, the series has spawned several sequels and spin-offs, all released in Japan and many released in the United States and internationally.

16.    The *Front Mission* games have encompassed a variety of different genres, including turn-based tactical role-playing, real-time strategy (RTS), side-scrolling and third-person shooters, and massively multiplayer online games (MMOs), with an emphasis on the customization of a player's mecha.  The series is known for its serialized storytelling approach, which depicts military and political conflict in a futuristic setting unfolding over the course of many games, as well as in other media such as film, manga, and radio drama.  The *Front Mission* games have sold several million copies since 1995 and continue to be released on modern video game platforms such as the PlayStation 5 and Nintendo Switch.

**B.    The License Agreement**

17.    On October 4, 2019, SQEX entered into a License Agreement with Zishun to develop a new game using SQEX's *Front Mission* intellectual property.  Under the License Agreement, SQEX authorized Zishun to develop, localize, publish, distribute, and operate the contemplated game worldwide, excluding Japan.  The resulting Licensed Game, *Front Mission -2089: Borderscape*, was developed, in whole or in part, by Zishun as part of the *Front Mission* series.

18.    Pursuant to the License Agreement, all intellectual property rights in and to the Licensed Game "shall be owned by SQEX."

19.    On October 4, 2022, SQEX and Zishun terminated the License Agreement. Following termination, all rights, including copyrights, to the Licensed Game (*Front Mission -2089: Borderscape*), remained with SQEX.  SQEX retains exclusive ownership of all intellectual property associated with the unpublished *Front Mission -2089: Borderscape*.

**FENNEMORE CRAIG, P.C.**
1425 Fourth Avenue, Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

Plaintiff's copyright for *Front Mission -2089: Borderscape* has been registered with the U.S. Copyright Office under Registration No. PAu 4-253-917. A copy of the copyright registration for *Front Mission -2089: Borderscape* is attached hereto as **Exhibit A** and incorporated herein by reference.

20.     SQEX is informed and believes, and based thereon alleges, that following the termination of the License Agreement, individuals or entities responsible for the development of the Licensed Game began repurposing elements of the Licensed Game into an infringing copy intended for release.

21.     Subsequently, in October 2024, the Infringing Game, *METAL STORM*, was released for PC and mobile platforms. The Infringing Game, which was published in the United States and other regions by Defendant Ten Tree, incorporated substantial protectable elements from the Licensed Game, including game mechanics, visual designs, and other copyrighted elements from *Front Mission -2089: Borderscape*. These elements were used without SQEX's authorization. Exemplar images comparing the Licensed Game with the Infringing Game are attached to this Complaint as **Exhibit B** and are hereby incorporated by reference. SQEX did not authorize, and has never authorized, Ten Tree or any other entity to use any of these elements or to distribute any portion of the Licensed Game. Nor did SQEX ever authorize Zishun or any developer of the Licensed Game to create derivative works or authorize others to create derivative works of the Licensed Game.

22.     SQEX is informed and believes, and on that basis alleges, that the Infringing Game has been distributed by Defendant through various platforms, including Steam, Google Play, and the App Store.[1]

---

[1] *METAL STORM* was available on Steam at https://store.steampowered.com/app/3216320/_/, but has since been removed. It is currently available on the App Store at https://apps.apple.com/jp/app/%E9%8B%BC%E5%B5%90-%E3%83%A1%E3%82%BF%E3%83%AB%E3%82%B9%E3%83%88%E3%83%BC%E3%83%A0/id65038102 63, https://apps.apple.com/hk/app/%E9%8B%BC%E5%B5%90/id6477149677, and https://apps.apple.com/tw/app /%E9%8B%BC%E5%B5%90/id6477149677; and on Google Play at https://play.google.com/store/apps/details?id =com.tentree.gp.jp.mecharashi&hl=ja, https://play.google.com/store/apps/details?id=com.tentree.gp.mecharas hi&gl=hk, https://play.google.com/store/apps/details?id=com.tentree.gp.mecharashi&gl=tw, and https://play.google.com/store/apps/details?id=com.tentree.gp.mecharashi&hl=zh.

**FENNEMORE CRAIG, P.C.**
1425 Fourth Avenue, Suite 800
Seattle, Washington 98101-2272
(206) 749-0500

23.      Upon becoming aware of the infringement of the Licensed Game in December 2024, SQEX took immediate action to address the unauthorized use of its intellectual property. On December 16, 2024, SQEX sent a formal demand letter to Defendant Ten Tree, requesting the removal of the infringing content.  The letter specifically identified the unauthorized use of copyrighted elements from *Front Mission -2089: Borderscape* in *METAL STORM*.  Despite SQEX's request, Ten Tree did not comply, and the infringement continued.

24.      On January 17, 2025, Ten Tree responded to SQEX's correspondence, acknowledging that certain aspects of the content in *METAL STORM* had been revised. However, Defendant did not fully remove all infringing content, and SQEX's requests for written assurances to prevent further infringement were not met.

25.      On February 17, 2025, SQEX sent DMCA takedown notices pursuant to 17 U.S.C. § 512(c)(3) to Valve (the owner of Steam), Apple, and Google, requesting the removal of the Infringing Game from their platforms.  On February 21, 2025, *METAL STORM* was removed from Valve's Steam distribution platform pursuant to SQEX's DMCA takedown request.

26.      On or about February 22, 2025, Ten Tree submitted a DMCA counter-notification to Valve.

27.      On March 4, 2025, SQEX filed a complaint in the Tokyo District Court regarding the infringement of its intellectual property rights in *Front Mission -2089: Borderscape* pursuant to the laws of Japan.

## COUNT I

**(Copyright Infringement, 17 U.S.C. § 501, *et seq.*)**

28.      Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1 through 27 as if set forth fully herein.

FENNEMORE CRAIG, P.C.
1425 Fourth Avenue, Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

29.     Plaintiff owns a valid and enforceable copyright in the Licensed Game. Plaintiff's copyright for the Licensed Game was registered with the U.S. Copyright Office under Registration No. PAu 4-253-917.

30.     Defendant has deliberately and intentionally copied protectable expression from the Licensed Game in *METAL STORM*, including but not limited to mecha designs, characters, game mechanics, and other creative elements.

31.     Plaintiff has never authorized or consented to Defendant's use of its copyrighted works in the manner complained of herein.

32.     As a result, Defendant has infringed, and continues to infringe, Plaintiff's exclusive rights under the United States Copyright Act, including by reproducing, adapting, distributing, publicly performing, and publicly displaying, as well as authorizing others to reproduce, adapt, distribute, publicly perform, and publicly display, copyrighted elements of the Licensed Game, in violation of the Copyright Act, 17 U.S.C. § 501 *et seq.*

33.     Defendant's acts of infringement are willful, in disregard of, and with indifference to, Plaintiff's rights.

34.     As a direct and proximate result of the infringement alleged herein, Plaintiff is entitled to damages and Defendant's profits, the exact amounts of which are to be proven at trial and are not currently ascertainable.  Alternatively, Plaintiff is entitled to maximum statutory damages of $150,000 for each copyright infringed, or in such other amount as may be proper under 17 U.S.C. § 504(c).

35.     Plaintiff further is entitled to its attorneys' fees and full costs in this action pursuant to 17 U.S.C. § 505 and other applicable laws.

36.     As a result of Defendant's acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy at law.  Plaintiff is informed and believes, and on that basis alleges, that unless enjoined and restrained by this Court, Defendant will continue to infringe Plaintiff's rights in

*Front Mission -2089: Borderscape*.  Accordingly, Plaintiff is entitled to temporary, preliminary, and permanent injunctive relief to restrain and enjoin Defendant's continuing infringing conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in its favor on each and every claim for relief set forth above, and award Plaintiff relief, including but not limited to the following:

1.     A judgment that Defendant has infringed Plaintiff's copyright in violation of the Copyright Act, and that such infringement was willful.

2.     An order preliminarily and permanently enjoining Defendant, its agents, servants, employees, officers, associates, attorneys, and all persons or entities acting by, through, or in concert with it, from manufacturing, producing, distributing, advertising, marketing, offering for sale, or selling *METAL STORM*.

3.     An order requiring Defendant to file with the Court, and serve on Plaintiff, a report in writing under oath detailing Defendant's compliance with the injunction within thirty (30) days after entry of the injunction.

4.     An order requiring Defendant to deliver to Plaintiff all copies of materials that infringe or violate any of Plaintiff's rights described herein.

5.     An order requiring Defendant to provide Plaintiff with an accounting of any and all sales of products or services that infringe or violate any of Plaintiff's rights, as described herein.

6.     An award to Plaintiff of actual or statutory damages for copyright infringement, including willful infringement, under 17 U.S.C. § 504, as applicable.

FENNEMORE CRAIG, P.C.
1425 Fourth Avenue, Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

7.    An award to Plaintiff of its full costs and attorneys' fees in this action pursuant to 17 U.S.C. § 505 and other applicable laws.

8.    An order imposing a constructive trust over the proceeds unjustly obtained by Defendant through the sale of *METAL STORM* in the United States, or through any predicate act of infringement occurring in the United States, and/or any other products or services that violate Plaintiff's rights as described herein.

9.    An award of applicable interest (both prejudgment and post-judgment), costs, disbursements, and attorneys' fees.

10.    An award of such other and further relief as this Court may deem just, appropriate, and equitable.

## JURY DEMAND

Plaintiff hereby demands trial by jury of all issues so triable under the law.

FENNEMORE CRAIG, P.C.
1425 Fourth Avenue, Suite 800
Seattle, Washington  98101-2272
(206) 749-0500

1    Dated: March 13, 2025                    MITCHELL SILBERBERG & KNUPP LLP

2

3                                            By:    /s/ Marc E. Mayer
                                                    Marc E. Mayer (*pro hac vice forthcoming*)
4                                                       mem@msk.com
                                                    Mark Humphrey (*pro hac vice forthcoming*)
5                                                       mxh@msk.com
                                                    2049 Century Park East, 18th Floor
6                                                   Los Angeles, CA 90067-3120
                                                    Telephone: (310) 312-2000
7                                                   Facsimile: (310) 312-3100

8                                            *Attorneys for Plaintiff Square Enix Co., Ltd.*

9    Dated: March 13, 2025                    FENNEMORE CRAIG, P.C.

10

11                                           By:    /s/ Michael E. Chait
                                                    Michael E. Chait (WSBA #48842)
12                                                      mchait@fennemorelaw.com
                                                    1425 Fourth Avenue Suite 800
13                                                  Seattle, Washington 98101-2272
                                                    Telephone: 206.749.0500
14                                                  Facsimile: 206.749.0600

15                                           *Attorneys for Plaintiff Square Enix Co., Ltd.*

16

17

18

19

20

21

22

23

24

25

26

27

COMPLAINT- 11
Case No. 2:25-cv-00456

# Exhibit A

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Shira Perlmutter*

United States Register of Copyrights and Director



**Registration Number**

## PAu 4-253-917

**Effective Date of Registration:**
March 05, 2025
**Registration Decision Date:**
March 06, 2025

---

## Title

**Title of Work:** Front Mission - 2089: Borderscape

## Completion/Publication

**Year of Completion:** 2022

## Author

- **Author:** Zishun Information Technology Co., Ltd.
  **Author Created:** Audiovisual material (including artwork, text and music)
  **Work made for hire:** Yes
  **Domiciled in:** Japan

## Copyright Claimant

**Copyright Claimant:** Square Enix Co., Ltd.
Shinjuku Eastside Square, 6-27-30 Shinjuku, Shinjuku-ku, Tokyo, 160-8430, Japan
**Transfer statement:** By Assignment

## Limitation of copyright claim

**Material excluded from this claim:** preexisting music, Preexisting audiovisual material, artwork, text

**New material included in claim:** New audiovisual material (including artwork, text and music)

## Rights and Permissions

**Organization Name:** Square Enix Legal Department
**Name:** Noi Sasaki
**Email:** dmca@us.square-enix.com
**Telephone:** (310)846-0400
**Address:** 999 N. Pacific Coast Highway, 3FL
El Segundo, CA 90245 United States

## Certification

|                              |                  |
|-----------------------------:|:-----------------|
| **Name:**                    | Eric J. Schwartz |
| **Date:**                    | March 05, 2025   |
| **Applicant's Tracking Number:** | 50148-00003  |

**Correspondence:**   Yes

# Exhibit B

# EXHIBIT B

| | Screenshots of the Licensed Game (FRONT MISSION -2089: BORDERSCAPE) | Screenshots of the Infringing Game (METAL STORM) |
|---|---|---|
| 1 |  | |
| 2 | | |

















| 21 |  |  |
|---|---|---|
| 22 |  |  |

